SA:NMA:LKG/KDE  
F.#2017R00242

MAUSKOPF, J.

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

REYES, M.J.

- - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

VINCENT ASARO,  
JOHN J. GOTTI,  
MICHAEL GUIDICI and  
MATTHEW RULLAN,  
   also known as "Fat Matt,"

                Defendants.

I N D I C T M E N T

Cr. No. 17 - 00127

(T. 18, U.S.C., §§ 371, 844(c), 844(i),  
844(n), 981(a)(1)(C), 982(a)(2),  
982(b)(1), 2113(a), 2 and 3551 et seq.;  
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,  
§ 2461(c))



- - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

### COUNT ONE
(Arson Conspiracy)

1.    On or about and between April 1, 2012 and April 4, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VINCENT ASARO, JOHN J. GOTTI and MATTHEW RULLAN, also known as "Fat Matt," together with others, did knowingly and willfully conspire to maliciously damage and destroy, by means of fire and an explosive, a vehicle used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 844(i).

(Title 18, United States Code, Sections 844(n) and 3551 et seq.)

## COUNT TWO
(Arson)

2. On or about and between April 1, 2012 and April 4, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VINCENT ASARO, JOHN J. GOTTI and MATTHEW RULLAN, also known as "Fat Matt," together with others, did knowingly, intentionally and maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, a vehicle used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 844(i), 2 and 3551 et seq.)

## COUNT THREE
(Bank Robbery Conspiracy)

3. On or about and between March 15, 2012 and April 18, 2012, both dates being approximate and inclusive, within the Eastern District of New York, the defendants JOHN J. GOTTI, MICHAEL GUIDICI and MATTHEW RULLAN, also known as "Fat Matt," together with others, did knowingly and willfully conspire to take by force, violence and intimidation, from the person and presence of one or more employees of Maspeth Federal Savings and Loan Association, 56-18 69th Street, Maspeth, New York (the "Bank"), money in the care, custody, control, management and possession of said savings and loan association, the deposits of which were insured by the Federal Deposit Insurance Corporation, contrary to Title 18, United States Code, Section 2113(a).

4. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York, the defendants JOHN J. GOTTI, MICHAEL GUIDICI and

MATTHEW RULLAN, also known as "Fat Matt," together with others, did commit and cause to be committed, among others, the following:

### OVERT ACTS

a. On or about April 18, 2012, the defendants JOHN J. GOTTI, MICHAEL GUIDICI and MATTHEW RULLAN, also known as "Fat Matt," drove to the Bank; and

b. On or about April 18, 2012, the defendant MICHAEL GUIDICI entered the Bank and presented to a bank teller a note that, among other things, demanded money and stated "I HAVE A BOMB."

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT FOUR
(Bank Robbery)

5. On or about April 18, 2012, within the Eastern District of New York, the defendants JOHN J. GOTTI, MICHAEL GUIDICI and MATTHEW RULLAN, also known as "Fat Matt," together with others, did knowingly and intentionally take by force, violence and intimidation, from the person and presence of one or more employees of Maspeth Federal Savings and Loan Association, 56-18 69th Street, Maspeth, New York, money in the care, custody, control, management and possession of said savings and loan association, the deposits of which were insured by the Federal Deposit Insurance Corporation.

(Title 18, United States Code, Sections 2113(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

6. The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either such offense, the government will seek forfeiture in accordance with (a) Title 18, United States Code, Section 844(c), which requires any person convicted of such offense to forfeit any explosive materials involved or used or intended to be used in any violation of such offenses, or any other rule or regulation promulgated thereunder or any violation of any criminal law of the United States; and (b) Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

7. If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 844(c), 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p)).

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS THREE AND FOUR

8. The United States hereby gives notice to the defendants charged in Counts Three and Four that, upon their conviction of either such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

9. If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F.#2017R00242
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

VINCENT ASARO, JOHN J. GOTTI, MICHAEL GUIDICI and MATTHEW RULLAN,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 844(c), 844(i), 844(n), 981(a)(1)(C), 982(a)(2), 982(b)(1), 2113(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

A true bill. _____

*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____ *Clerk*

Bail, $ _____

*Nicole M. Argentieri, Lindsay K. Gerdes, Keith D. Edelman*
*Assistant U.S. Attorneys, (718) 254-6232/6155/6328*