UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>— against —<br><br>VINCENT ASARO,<br>              Defendant. | 17-CR-127 (ARR)<br><br>**Opinion and Order**<br><br>**Not for electronic or print publication** |

ROSS, United States District Judge:

Jerry Capeci, a reporter for *Gangland News*, has written to this Court, asserting a public right of access to the defense bail and sentencing memoranda for Vincent Asaro. *See* Letter from Jerry Capeci (Nov. 27, 2017), ECF No. 110; Letter from Jerry Capeci (Dec. 4, 2017), ECF No. 115. Defense counsel had previously submitted these documents to the Court but did not file them publicly on ECF.[1] Counsel does not oppose the public filing of its bail and sentencing memoranda, but has proposed redactions to these documents in sealed letters to the court. *See* Letter from Carla Sanderson (Dec. 4, 2017), ECF No. 113; Letter from Carla Sanderson (Dec. 6, 2017), ECF No. 117. These proposed redactions, however, sweep too broadly given the requirement for narrow tailoring of any redactions of judicial documents, like these, to which there is a First Amendment right of public access. For the following reasons, the redaction of incidental information pertaining to third parties is approved, but the redaction of information relating to Mr. Asaro's medical history and treatment is denied.

It is well-established that there is both a common-law and a First Amendment right of public access to judicial proceedings and documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *United States v. Sattar*, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006) (collecting

---

[1] As this appears to be a recurring issue, counsel is respectfully reminded that she must file *every* submission on ECF, in accordance with my individual rules and practices, given the presumption of public access to judicial documents. If counsel seeks to file a document under seal, or to file a redacted copy of a document, she should file the submission as an attachment to a motion for leave to e-file a document under seal.

cases). The Second Circuit has held that these rights extend to sentencing proceedings. *United States v. Alcantara*, 396 F.3d 189, 196–99 (2d Cir. 2005). Further, although the Second Circuit has not explicitly extended this holding to documents submitted for sentencing, every district court in this circuit that has dealt with the issue since *Alcantara* and *Lugosch* has held that the right of public access extends to defense sentencing submissions. *See, e.g.*, *United States v. Huntley*, 943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013); *United States v. King*, No. 10 Cr. 122 (JGK), 2012 WL 2196674, at *1 (S.D.N.Y. June 15, 2012); *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008); *Sattar*, 471 F. Supp. 2d at 385.

In order to seal documents to which the presumption of a right of public access attaches, a district court must make "'specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Lugosch*, 435 F.3d at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). But "[w]here possible, limited redaction instead of wholesale sealing of court documents should be considered in order to adequately safeguard First Amendment values." *Huntley*, 943 F. Supp. 2d at 386 (citing *Esposito v. New York Times Co.*, 485 U.S. 977 (1988); *In re New York Times Co.*, 828 F.2d at 116). And even these redactions must be narrowly tailored to overcome the First Amendment right of access: "any claimed exception to the right of access should be based on a particularized showing of need, and any redactions would be required to be narrowly tailored to accomplish the overriding interest." *King*, 2012 WL 2196674, at *2 (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13–14 (1986); *Lugosch*, 435 F.3d at 120).

Among the overriding interests that justify the sealing or redaction of presumptively public documents such as defense memoranda are "'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). It is on this ground that defense counsel proposes redacting the personal information of Mr. Asaro's family and loved ones, as well as information about Mr. Asaro's own medical conditions and medical treatment—or lack thereof—in pre-trial detention at the Metropolitan Detention Center (MDC).

2

The redactions that counsel proposes to the personal information of Mr. Asaro's family members, girlfriend, and friend are both narrowly tailored and justified by an overriding interest. These redactions, which involve a short paragraph on page three and part of a sentence on page four of the sentencing memorandum as well as parts of three sentences on page five of the bail memorandum, do not meaningfully impinge upon a reader's ability to understand Mr. Asaro's arguments for leniency. And the Second Circuit has cautioned that "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Amodeo*, 71 F.3d at 1050 (quoting *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990). These proposed redactions are therefore approved.

The proposed redactions of information relating to Mr. Asaro's various ailments and medical treatment at MDC, however, are neither narrowly tailored nor justified by an overriding interest sufficiently compelling to outweigh the public right of access. Indeed, defense counsel seeks to redact almost all of the information about Mr. Asaro's ill health and medical treatment—most of pages 7 to 10 of the sentencing memorandum, as well as most of pages 9 to 12 and the top of page 13 of the bail memorandum. Counsel cites *Dare* for the proposition that "[a] defendant's right to privacy in his medical records has been recognized by [c]ourts of this [c]ircuit." Certainly, *Dare* acknowledges that an individual has a "considerable privacy interest" in his medical information, "which surely [is] among an individual's most private matters." 568 F. Supp. 2d at 244. But, importantly, it does so in the context of denying the defendant's request to redact the portions of the defense sentence memorandum that pertained to his medical conditions. *Id.* The court denied this request because "Defendant has chosen to introduce the medical information in an attempt to mitigate his sentence" and this information "is a critical part of the memoranda." *Id.* Similarly, *King* held that "the defendant has failed to show that there is a sufficiently compelling interest" in sealing her medical records because, *inter alia*, they "relate to a medical condition that the Court has been asked to consider in arriving at the sentence in this case." 2012 WL 2196674, at *2. Here, like in *Dare* and *King*, the defendant has chosen to put his medical

3

information at issue in his bail and sentencing memoranda. Given that Mr. Asaro's submissions rely heavily upon his deteriorating health and purportedly poor medical treatment in jail in seeking first release and now a lenient sentence from this Court, they reduce if not waive his privacy interest in this information. *See Crawford v. Manion*, No. 96 Civ. 1236 (MBM_, 1997 WL 148066, at *2 (S.D.N.Y. Mar. 31, 1997) ("[P]laintiff waived his right to privacy in his medical records by bringing a lawsuit in which his medical history was a pertinent issue."). I therefore agree with *Dare* and *King* his privacy interest in this information is not sufficient to overcome the presumption of public access to judicial documents. I also note that Mr. Asaro's sentencing hearing will be open to the public, and that anyone who attends—or obtains the transcript—will presumably learn of Mr. Asaro's poor state of health.

In her letter of December 4, counsel cites to two cases where district courts in this circuit have permitted the sealing or redaction of information provided by psychotherapists or psychiatrists as part of a defense sentence submission. *See United States v. Roeder*, No. 05-Cr-6161L, 2009 WL 385448, at *2 (W.D.N.Y. Feb. 13, 2009); *Sattar*, F. Supp. 2d at 389. Both of these cases are inapposite. The information that Mr. Asaro seeks to redact here relates to medical conditions and treatment that, while certainly personal information, are not as sensitive as the type of details likely to be contained in a letter from a psychiatrist, such as information about a history of mental illness or past trauma. *Cf., e.g., Mazzocchi v. Windsor Owners Corp.*, 204 F. Supp. 3d 583, 604 (S.D.N.Y. 2016) (noting "the societal stigma associated with receiving mental healthcare"). Moreover, there were additional factors in both *Roeder* and *Sattar*, not present in this case, that were sufficiently compelling to override the public right of access. In *Roeder*, the court sealed letters from the defendant's "treating psychotherapist and psychiatrist describ[ing] their diagnoses, treatment and medication and involv[ing] what is generally considered confidential physician patient information" in order to protect patient-physician confidentiality. *Roeder*, 2009 WL 385448, at *2. And in *Sattar*, the court redacted "several small portions of the first twelve pages of the report [from a psychiatrist] and the first five lines on page 13 that

4

concern highly personal family matters," where "the disclosure of these matters would not promote any of the values associated with public scrutiny of the sentencing process." 471 F. Supp. 2d at 388. Subsequently, in *King*, Judge Koeltl distinguished his prior decision in *Sattar* by explaining that this disclosure "'would not promote any of the values associated with public scrutiny of the sentencing process'" because it was "extraneous to sentencing." 2012 WL 2196674, at *2 (quoting *Sattar*, 471 F. Supp. 2d at 388). Here, on the contrary, there are no issues relating to physician-patient privilege and Mr. Asaro's medical information "is a critical part of the memoranda." *Dare*, 568 F. Supp. 2d at 244.

For all the foregoing reasons, the proposed redactions to pages 3 and 4 of Mr. Asaro's sentencing submission and to page 5 of Mr. Asaro's bail memorandum are approved. The proposed redactions to pages 7, 8, 9, and 10 of the sentencing memorandum and to pages 9, 10, 11, 12, and 13 of the bail memorandum are denied. Defense counsel is directed to file redacted copies of the bail and sentencing memoranda on ECF by 10 a.m. on December 11, 2017.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: December 7, 2017
Brooklyn, New York