

U.S. Department of Justice

United States Attorney
Eastern District of New York

EAG:NMA/LKG/KDE
F. #2017R00242

271 Cadman Plaza East
Brooklyn, New York 11201

December 13, 2017

<u>By ECF</u>

The Honorable Allyne R. Ross
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Vincent Asaro</u>
             <u>Criminal Docket No. 17-127 (S-1) (ARR)</u>

Dear Judge Ross:

      The government respectfully submits this letter in brief reply to the defendant's letter filed today, <u>see</u> Docket Entry No. 123, and in connection with sentencing in the above-referenced matter.

      First, the defendant repeatedly accuses the government of using this prosecution to seek revenge for the defendant's acquittal in <u>United States v. Vincent Asaro</u>, 14 CR 26 (ARR), specifically because the government did not include the charged arson in the racketeering charges at trial.  He is wrong.  To the contrary, the government has properly charged the defendant with a serious crime, a crime he has admitted by virtue of his guilty plea.  <u>See</u> Docket Entry No. 62; <u>see</u> also United States Attorneys Manual § 9-27.200 <u>et seq.</u> (advising that an attorney for the government should commence federal prosecution if he believes that the person's conduct constitutes a federal offense, that the admissible evidence will probably be sufficient to obtain and sustain a conviction, and that a substantial federal interest would be served by the prosecution, including, among other considerations, the deterrent effect of prosecution, the person's culpability, the person's history with respect to criminal activity and the interests of any victims).  In any event, the government did not learn of the defendant's participation in the arson until <u>after</u> the trial.  Even so, after leading a life of crime for over forty years, the defendant is not <u>per se</u> immune from prosecution because of a verdict in one criminal case.[1]

---

      [1] Notably, the defendant could be prosecuted for the same conduct as charged in the prior trial under a substantive racketeering theory, in violation of 18 U.S.C § 1962(c).  <u>See</u> <u>United States v. Feliz</u>, 503 U.S. 378, 391 (1992) (holding that a conspiracy to commit a

Second, the defendant incorrectly suggests that the appropriate standard by which to evaluate acquitted conduct at sentencing is clear and convincing evidence, rather than a preponderance of the evidence.  See Def.'s Ltr. at 5.  To the contrary, the Second Circuit has mandated that the standard of proof to evaluate disputed sentencing factors related to uncharged conduct is a preponderance of the evidence.  See United States v. Cordoba-Murgas, 233 F.3d 704, 709 (2d Cir. 2000).  The defendant also complains that the government has provided no authority for the claim that the Court can properly consider evidence of acquitted conduct introduced in the course of a separate criminal proceeding.  However, Congress has expressly stated:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

Title 18, United States Code, Section 3661.  Additionally, in United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005), the Second Circuit explicitly held that "with the mandatory nature of the Guidelines excised, the traditional authority of a sentence judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection." (emphasis added).

Finally, the significant sentence sought by the government does not reflect any vengefulness, as the defendant contends.  Indeed, Congress set the maximum penalties for the crime to which the defendant pleaded guilty, which reflects its belief that a sentence of up to twenty years' imprisonment would be appropriate for certain defendants found guilty of the charged crime.  In light of all of the factors set forth in Section 3553(a), especially the defendant's history and characteristics, the government respectfully submits that the defendant is one of the individuals that Congress was considering when creating a maximum sentence of twenty years' imprisonment.  The defendant has participated in a lifetime of crime and has associated for over forty years with a violent criminal organization, all of which culminated in his ability to order his criminal associate to burn an ordinary citizen's car in retaliation for a traffic infraction.  The government respectfully submits that the Court should hold the defendant accountable for his history and characteristics, the nature and

---

crime is a separate offense from the substantive crime itself); United States v. Sessa, 125 F.3d 68 (2d Cir. 1997) (holding that substantive violations of RICO and RICO conspiracy are separate offenses for double jeopardy purposes).  In Sessa, the court also found, "[t]he Double Jeopardy Clause neither forbids successive prosecutions for different offenses nor requires the government to join all possible charges arising from a course of conduct in a single indictment."  Id. at 73.

seriousness of the offense and after considering the other Section 3553(a) factors, sentence the defendant to a sentence of incarceration in excess of fifteen years.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:       /s/
     Nicole M. Argentieri
     Lindsay K. Gerdes
     Keith D. Edelman
     Assistant U.S. Attorney
     (718) 254-7000

cc:     Defense counsel (by ECF)